# RICHARD HERZFELD, P.C.

## 112 MADISON AVENUE, 8TH FLOOR
### NEW YORK, N.Y. 10016

212-818-9019 telephone           [rherzfeld@herzfeldlaw.com](mailto:rherzfeld@herzfeldlaw.com)                Of Counsel
212-391-9025 facsimile                                        Einbinder & Dunn, LLP

                                                January 18, 2022

Hon. John G. Koetl
United States District Court Judge
U. S. District Court
500 Pearl Street
New York, NY 10007 - 1312

        Re:  Tapp Market Influencers LLC, et al. v. Espire Ads LLC,
             et al.
             Civil Action No. 21-cv-11068 (JGK)

Dear Judge Koetl:

        We represent plaintiffs in this action (the "Tapp Action")
and this letter is in response to defendants' request for a
conference prior to moving to dismiss based upon the ground that
the action in Espire Ads, et. al. v. Tapp Market Influencers,
Inc., 21-cv-10623-JGK (the "Espire Action"), is a prior action
pending.  While we have no objection to the conference, we do not
believe that the motion would succeed.

        First, the plaintiffs in the Tapp Action are different than
the defendants in the Espire action. Most notably, Tapp Market
Influencer Corp. is the defendant in the Espire Action. That
entity had a brief existence before Tapp Market Influencers LLC
was formed and the latter is plaintiff in this action.

        Second, the defendants in the Tapp Action are different in
that Nathaniel Co, CPA Viral LLC, and Charles Punay are
defendants in this action but are not included in the Espire
Action.

        Last, and not least, is question of whether the Espire
Action should be considered a prior action pending at all.
Although the Espire complaint had been filed with the Court on
December 14th, plaintiffs did nothing to proceed.  No cover sheet
or request for a summons had been filed by plaintiffs by December
27th at which time it came to the attention of my clients that
there were texts being forwarded to persons in the social
marketing community referencing the complaint, asserting that
TAPP would be put out of business and could not be trusted.  An
example is attached hereto.

**RICHARD L. HERZFELD, P.C.**

Hon. John G. Koetl
January 18, 2022
Page 2

    As the case had not been initiated or served, the only way
to go on record with TAPP's position and to counter the texts was
for TAPP to file its own complaint.  Accordingly, where it would
appear that the plaintiffs were proceeding in bad faith and had
not initiated process, the second complaint should not be
dismissed and in fact should take priority.

                Respectfully,

*Richard L. Herzfeld*

                RICHARD L. HERZFELD

cc via ECF: Zachary Meyer, Esq.







Plaintiffs,

v.

TAPP INCLUENCERS CORP., THE BLU
MARKET, INC., THE BLU MARKET LLC,
STEVEN FORKOSH, BRENNAN KASTNER,
and JUSTIN EMERT,

Defendants.



I would stop trusting Tappco. They
are about to face 25+ federal
charges

Tap and hold to react



Reply...