# SHARE PURCHASE AGREEMENT

**THIS SHARE PURCHASE AGREEMENT** (the "Agreement") made and entered into this 1st day of August, 2020, (the "Execution Date"),

**BETWEEN:**

Espire Ads, LLC of 6065 Riverside Ave. Riverside CA 92506

(the "Purchaser")

OF THE FIRST PART

and

Jonathan A. Melendez of 75 Sunrise Park Rd., New Hampton, NY 10958

(the "Seller")

OF THE SECOND PART

**BACKGROUND:**

A. The Seller is the owner of record of 140 Equity units shares (the "Shares") of Espire Ads, LLC (the "Corporation").

B. The Seller desires to sell the Shares to the Purchaser and the Purchaser desires to purchase the Shares from the Seller.

**IN CONSIDERATION OF** and as a condition of the parties entering into this Agreement and other valuable consideration, the receipt and sufficiency of which consideration is acknowledged, the parties to this Agreement agree as follows:

### Purchase and Sale

1. Except as otherwise provided in this Agreement, all monetary amounts referred to in this Agreement are in USD (US Dollars).

2. The Seller agrees to sell and the Purchaser agrees to purchase all the rights, title, interest, and property of the Seller in the Shares for an aggregate purchase price of $20,000.00 (the "Purchase Price").

3. A fixed sum of $20,000.00 will be payable in partial payments as mutually agreed upon by both parties.

4. All payments will be in the form of ACH Bank transfer, or bank draft of immediately available funds. In the case of a direct wire transfer the Seller will give notice to the Purchaser of the bank account particulars at least 5 business days prior to the Closing Date.

**Representations and Warranties of the Seller**

5. The Seller warrants and represents to the Purchaser as follows:

   a. The Seller would not be recognized as an issuer, insider, affiliate, or associate of the Corporation as defined or recognized under applicable securities laws and regulations.

   b. Except as provided in the incorporating documents of the Corporation or as indicated on the face of the certificates for the Shares, the Purchaser would not be prevented or restricted in any way from re-selling the Shares in the future.

   c. The Seller is the owner in clear title of the Shares and the Shares are free of any lien, encumbrance, security interests, charges, mortgages, pledges, or adverse claim or other restriction that would prevent the transfer of clear title to the Purchaser.

   d. The Seller is not bound by any agreement that would prevent any transactions connected with this Agreement.

   e. There is no legal action or suit pending against any party, to the knowledge of the Seller, that would materially affect this Agreement.

**Representations and Warranties of the Purchaser**

6. The Purchaser warrants and represents to the Seller as follows:

   a. The Purchaser would not be recognized as an issuer, insider, affiliate, or associate of the Corporation as defined or recognized under applicable securities laws and regulations.

   b. The Purchaser is not bound by any agreement that would prevent any transactions connected with this Agreement.

   c. There is no legal action or suit pending against any party, to the knowledge of the Purchaser, that would materially affect this Agreement.

**Closing**

DocuSign Envelope ID: E227E412-23FA-4CF4-A166-EC67D8CE279A
Case 1:21-cv-11068-JGK-GWG   Document 75-6   Filed 06/06/23   Page 3 of 6

*Share Purchase Agreement*                                                                 Page 3 of 6

7. The closing of the purchase and sale of the Shares (the "Closing") will take place on September 27, 2019 (the "Closing Date") at the offices of the Seller or at such other time and place as the Seller and the Purchaser mutually agree. At Closing and upon the Purchaser paying the Purchase Price in full to the Seller, the Seller will deliver to the Purchaser duly executed transfers of the Shares.

**Expenses**

8. All parties agree to pay all their own costs and expenses in connection with this Agreement.

**Finder's Fees**

9. No party to this Agreement will pay any type of finder's fee to any other party to this Agreement or to any other individual in connection to this Agreement.

10. All parties to this Agreement warrant and represent that no investment banker or broker or other intermediary has facilitated the transaction contemplated by this Agreement and is entitled to a fee or commission in connection with said transaction. All parties to this Agreement indemnify and hold harmless all other parties to this Agreement in connection with any claims for brokerage fees or other commissions that may be made by any party pertaining to this Agreement.

**Dividends**

11. Any dividends earned by the Shares and payable before the Closing of this Agreement will belong to the Seller, and any dividends earned by the Shares and payable after the Closing of this Agreement will belong to the Purchaser.

12. Any rights to vote attached to the Shares will belong to the Seller before the Closing and will belong to the Purchaser after the Closing.

**Governing Law**

13. The Purchaser and the Seller submit to the jurisdiction of the courts of the State of California for the enforcement of this Agreement or any arbitration award or decision arising from this Agreement. This Agreement will be enforced or construed according to the laws of the State of California.

**Additional Clauses**

14. Waiver and Release of Claims. You agree that you are knowingly and voluntary, after adequate opportunity to review these provisions and to obtain the advice of legal counsel of your choice, executing and delivering this agreement and release with the express intention of extinguishing any rights regarding your investment which you may have with regard to the Company through the date on which you sign this agreement. You expressly release and discharge the Company and any of its equity members, employees, officers, attorneys, board members or agents (hereafter the "Released Parties"), either in their capacity at the Company or as individuals, from any and all claims of money, employment, commissions, demands, actions, judgments, and executions that you ever had, now have, or may have that are known or unknown or that anyone claiming under you or through you may have or claim to have whether in tort, contract or otherwise based upon common law, equity or any statute of any State or of the United States (including, without limitation, any rights or claims under or relating to the Espire Ads, LLC Amended and Restated Operating Agreement (the "Operating Agreement')) against the Released Parties in their capacity at the Firm or as individuals created by, arising out of, or in any manner related to, your investment in the Company. You acknowledge that this Release includes all claims you are legally permitted to release.

    This means that you also waive any and all rights that you may have under any state or federal statute or common law principles that would otherwise limit the releases and waivers contained in this agreement. To the extent applicable, you also hereby waive the provisions of section 1542 of the California Civil Code, which states:

    "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

    The release of unknown claims was specifically bargained for and is an integral aspect of this agreement.

15. Confidentiality. You and the Company agree that the existence and terms of this agreement and release are confidential and shall not be disclosed to any other person or entity unless required by law. You agree that the information contained herein will be transmitted only to your tax and legal advisors and the Company agrees that the information will be transmitted only to those who have a need to know to execute the terms and conditions of the agreement or to fulfill their internal management and personnel obligations.

16. Non-Disparagement, Competition, and Confidentiality. You and the Company agree that neither party, either orally or in writing, shall make any statement or comment that could reasonably be expected to impair or disparage the personal or business reputation of the other. You understand that your competition, solicitation, and confidentiality obligations to the Company, (including,

DocuSign Envelope ID: E227F412-23FA-4CF4-A166-EC67D8CE279A
Case 1:21-cv-11068-JGK-GWG   Document 75-6   Filed 06/06/23   Page 5 of 6

Share Purchase Agreement                                                          Page 5 of 6

without limitation, those obligations arising under Article X of the Operating Agreement) survive this agreement.

17. Enforcement and Choice of Law. If either party is required to enforce the terms and conditions of this Agreement by judicial action, the laws of the State of California will apply.

**Miscellaneous**

18. Time is of the essence in this Agreement.

19. This Agreement may be executed in counterparts.  Facsimile signatures are binding and are considered to be original signatures.

20. All warranties and representations of the Seller and the Purchaser connected with this Agreement will survive the Closing.

21. This Agreement will not be assigned either in whole or in part by any party to this Agreement without the written consent of the other party.

22. Headings are inserted for the convenience of the parties only and are not to be considered when interpreting this Agreement. Words in the singular mean and include the plural and vice versa. Words in the masculine gender include the feminine gender and vice versa. Words in the neuter gender include the masculine gender and the feminine gender and vice versa.

23. If any term, covenant, condition or provision of this Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, it is the parties' intent that such provision be reduced in scope by the court only to the extent deemed necessary by that court to render the provision reasonable and enforceable and the remainder of the provisions of this Agreement will in no way be affected, impaired or invalidated as a result.

24. This Agreement contains the entire agreement between the parties. All negotiations and understandings have been included in this Agreement. Statements or representations which may have been made by any party to this Agreement in the negotiation stages of this Agreement may in some way be inconsistent with this final written Agreement. All such statements are declared to be of no value in this Agreement. Only the written terms of this Agreement will bind the parties.

25. This Agreement and the terms and conditions contained in this Agreement apply to and are binding upon the Seller and the Purchaser and their respective successors, assigns, executors, administrators, beneficiaries, and representatives.

26. Any notices or delivery required here will be deemed completed when hand-delivered, delivered by agent, or seven (7) days after being placed in the post, postage prepaid, to the parties at the addresses contained in this Agreement or as the parties may later designate in writing.

27. All of the rights, remedies and benefits provided by this Agreement will be cumulative and will not be exclusive of any other such rights, remedies and benefits allowed by law.

**IN WITNESS WHEREOF** the Seller and Purchaser have duly affixed their signatures under hand and seal below.

*DocuSigned by:*
/s/ 
A514465D32AD4B8

Lisa Navarro, Espire Ads (Purchaser)

*DocuSigned by:*
Jon Melendez
B8561DB2F7C441C...

Jonathan A. Melendez (Seller)